UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
ACTION NO. 1:22-CV-1-GNS
*Electronically Filed*

LORI RAWLINGS, Individually and as
ADMINISTRATRIX of the Estate of Kevin
Rawlings

and

ADRIENE GADDIE, as Next Friend for
J.R., a minor child

and

MISTY MADSON, as Next Friend for
J.M., a minor child

                  Plaintiffs

v.

HACK MARCUM,
IN HIS INDIVIDUAL CAPACITY AND
IN HIS OFFICIAL CAPACITY AS
JAILER, TAYLOR COUTY DETENTION
CENTER

**Serve:** Hack Marcum
120 S Central Ave
Campbellsville, KY 42718

and

DYLAN KNIFLEY,
IN HIS INDIVIDUAL CAPACITY AND IN HIS
OFFICIAL CAPACITY AS A CORRECTIONS
OFFICER

**Serve:** 120 S Central Ave
Campbellsville, KY 42718

and

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**FIRST AMENDED COMPLAINT**

**DYLAN LILE,** INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY
AS A CORRECTIONS OFFICER

**Serve:** 120 S Central Ave
Campbellsville, KY 42718

and

**TAYLOR COUNTY** and **TAYLOR COUNTY
DETENTION CENTER**, a political
subdivision and Municipality of the
Commonwealth of Kentucky

**Serve:** County Attorney
Hon. John Bertram
321 East Main Street, P.O. Box 217
Campbellsville, KY 42719-0217

and

**SOUTHERN HEALTH PARTNERS INC**
2030 HAMILTON PLACE BLVD
SUITE 140
CHATTANOOGA, TN 37421

**Serve:** C T CORPORATION SYSTEM
306 W MAIN ST
SUITE 512
FRANKFORT, KY 40601

**NURSE DESIREE KEITH,** Individually and
in her official capacity as a Nurse, Southern
Health Partners

**Serve:** Desiree Keith
120 S Central Ave
Campbellsville, KY 42718

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

                    **Defendants.**


                **PLAINTIFF'S FIRST AMENDED COMPLAINT**

                            2

Comes the Plaintiffs, by counsel, and for their First Amended Complaint hereby states as follows:

## INTRODUCTION

This is an action for damages arising from the death of Kevin Rawlings (hereinafter "Rawlings"), on or about March 16, 2021, while incarcerated in the Taylor County Detention Center (hereinafter "TCDC"). This action is brought for violations of Rawlings' Kentucky Constitutional Rights and federal rights enumerated herein (or others), as well as violations of state statutory and/or common law arising from the misuse of state or municipal power by (i) officials of Taylor County, Kentucky; (ii) the TCDC and (iii) Southern Health Partners and employees and agents of said Southern Health Partners (hereinafter "SHP").

Plaintiffs seek redress for the violations of Rawlings' civil rights, damages for his wrongful death, consequential damages, actual damages, punitive damages, attorneys' fees, recovery of costs and all damages flowing from the negligent, reckless, or otherwise tortious and/or illegal acts specified below. As a result of the gross and unconscionable actions of the Defendants, the wrongful death of Kevin Rawlings has devastated Plaintiffs, J.R and J.M, causing the two minor children to suffer immense emotional harm and the loss of love and affection of their father.

## JURISDICTION AND VENUE

The Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1331 as the federal claims are brought under 42 U.S.C. §1983 and venue pursuant to 28 U.S.C. §1446(a) because the events forming the basis of this Complaint occurred in Taylor County, Kentucky, which is within this Court's Bowling Green Division. The Court has supplemental jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a).

Venue is proper in this Court because the parties are located in the Western District of Kentucky and the events forming the basis of this Complaint occurred in Nelson County, which is within this Court's Louisville Division

## PARTIES

1.     Lori Rawlings, wife of Rawlings, brings this action in her representative capacity as the Administratrix of the Estate of Kevin Rawlings (hereinafter "the Estate") having been appointed by Order of the Taylor District Court, Probate Division, Case No.: 21-P-0009, on April 3, 2020. Lori Rawlings, as Administratrix, is authorized to bring this action on behalf of the Estate.

2.     Kevin Rawlings died on or about March 16, 2021, at the Taylor Regional Hospital.

3.     Adriene Gaddie, brings this action on behalf of J.R, son of Adriene Gaddie and Kevin Rawlings. Both Adriene Gaddie and J.R are and were, at all times relevant hereto, Kentucky citizens residing in Taylor County, Kentucky.

4.     Misty Madson, brings this action on behalf of J.M, son of Misty Madson and Kevin Rawlings. Both Misty Madson and J.M are and were at all times relevant hereto Kentucky citizens residing in Taylor County, Kentucky.

5.     Defendant, Jailer, Hack Marcum, is and was at all times relevant hereto the Jailer at TCDC, acting under color of law and within the scope of his employment.

6.     Defendants, Dylan Knifley and Dylan Lile, are Corrections Officers and were at all times relevant hereto employees of TCDC, acting under color of law and within the scope of their employment.

4

7.     Defendant, TCDC, is a county detention facility located in Taylor County, Kentucky.

8.     Defendant, Taylor County (hereinafter "the County"), is and was at all times relevant hereto a political body and subdivision of the Commonwealth of Kentucky, or a municipality or municipal entity. At all times mentioned herein, the County employed and was responsible for the employment, training, supervision and conduct of the jailors, assistant jailors, medical director, medical staff and other officers and employees of the County and/or TCDC. As a municipal entity, the County and its Jail do not enjoy protection from suit under the Eleventh Amendment of the United States Constitution and are suable "persons" under applicable Federal Law.

9.     At all times relevant hereto, the County and its jail, through its employees, servants, and/or agents, including, but not limited to the Defendants, Hack Marcum, Dylan Knifley and Dylan Lile, maintained and operated TCDC in Taylor County, Kentucky.

10.     The Defendants, Hack Marcum, Dylan Knifley and Dylan Lile, were at all times employed or otherwise associated with TCDC and operated TCDC in their capacities as authorized under the color of state law. County Attorney, Hon. John Bertram, 321 East Main Street, P.O. Box 217, Campbellsville, KY 42719-0217, is the agent for service of process.

11.     The Plaintiffs sue Defendants, Hack Marcum, Dylan Knifley, and Dylan Lile, in their official and individual capacities.

12.     The Defendants, individually and in conspiracy with one another, engaged in the conduct described below under the color of law of the Commonwealth of Kentucky and the County. The offenses described below resulted from the failure of Defendants to employ qualified person(s) for positions of authority, and/or to properly or conscientiously train

and supervise the conduct of such person(s) after their employment, and/or to properly fund ongoing jail operations and to provide conditions that meet constitutional standards, and/or to promulgate appropriate operating policies and procedures either formally or by custom and practice to protect the constitutional rights of the citizens of the Commonwealth of Kentucky.

13.    All of the Defendants' conduct stated herein was intentional or grossly negligent and was indicative not only of deliberate indifference to, but active malice and a total and reckless disregard for the constitutional and common law rights of Rawlings, justifying an award of punitive damages in addition to the actual damages which Plaintiffs are entitled to recover.

14.    At all times relevant hereto, the Defendants acted under color of state law, and the illegal conduct identified herein involved acts or omissions of state officials or public employees acting in their official capacities or exercising (or purporting to exercise) official or state authority.

15.    The Defendant, SHP, is and was, upon information and belief, at all relevant times hereto, a Tennessee Corporation with its principal office as set forth above, engaged in the provision of medical care, including on site nursing care under contract with TCDC and/or the County and is/was under contract to provide medical services to inmates of the TCDC, including, but not limited to, Kevin Rawlings.

16.    Upon information and belief the Defendant, Desiree Keith hereinafter "Nurse Keith"), was at are all relevant times the nurses employed by SHP and was, at all times related hereto acting under the aforesaid contract(s) or pursuant to her employment to provide medical services to inmates of the TCDC, and thus acting under color of state law and further

6

within the course and scope of her duties, obligations and employment as employees or agents of those entities.

17.     The Plaintiffs sue Nurse Keith in her individual and official capacity.

18.     The Defendants, individually and in conspiracy with one another, engaged in the conduct described below under the color of law of the Commonwealth of Kentucky and the County. The offenses described below resulted from the failure of Defendants to employ qualified person(s) for positions of authority, and/or to properly or conscientiously train and supervise the conduct of such person(s) after their employment, and/or to properly fund ongoing TCDC or SHP operations and to provide conditions that meet constitutional standards, and/or to promulgate appropriate operating policies and procedures either formally or by custom and practice to protect the constitutional rights of the citizens of the Commonwealth of Kentucky. Alternatively, the offenses described below constitute one or more state law torts, including negligence in the performance of one or more ministerial duties by one or more of the respective Defendants in their individual capacities.

19.     The Defendants' conduct was intentional or grossly negligent and was indicative not only of deliberate indifference to, but active malice and a total and reckless disregard for the constitutional and common law rights of Rawlings, justifying an award of punitive damages in addition to the actual damages which Plaintiffs are entitled to recover.

20.     At all times relevant hereto, Defendants acted under color of state law, and the illegal conduct identified herein involved acts or omissions of state officials or public employees acting in their official capacities or exercising (or purporting to exercise) official or state authority.

7

21.    On the date March 8, 2021, Rawlings was booked and taken into the care and custody of TCDC.

22.    Rawlings was in the custody and care of TCDC from March 8, 2021, until the day of his death on March 16, 2021.

23.    During his confinement at TCDC, Rawlings was entitled to the protections afforded him under the United States Constitution and Kentucky Constitution.

24.    During his confinement at TCDC, Rawlings was entitled to be treated humanely, and to be free from cruel or unusual punishment.

25.    During his confinement at TCDC, Rawlings was entitled to be treated for medical conditions.

26.    Rawlings' rights articulated in the preceding paragraphs were clearly established rights derived from well settled law, are sufficiently clear and the contours of each are sufficiently established, and each are rights which reasonable officials such as the Defendants would have known.  Accordingly, no reasonable official could have believed their actions, as specified herein, were lawful.

27.    When Rawlings was booked at TCDC on or about March 8, 2021, he was asked a series of questions (hereinafter "the booking questioning").  Rawlings was wearing a neck brace at the time of booking and stated he had a broken C2 vertebrae.

28.    While at TCDC, Rawlings complained that he was ill, sick, and/or not feeling well.

29.    While at TCDC, Rawlings informed TCDC staff that he needed to go to the hospital.

30.    While at TCDC, Rawlings suffered from a perforating gastric ulcer.

31.    While at TCDC, Rawlings rejected food.

32.    While at TCDC, Rawlings displayed signs of medical need.

33.    While at TCDC, Rawlings informed corrections officers that he (Rawlings) was sick.

34.    While Rawlings was at TCDC, other inmates informed corrections officers that he (Rawlings) was sick.

35.    While at TCDC, Rawlings asked to go to the hospital.

36.    While at TCDC, other inmates asked for Rawlings to be sent to the hospital.

37.    While Rawlings was at TCDC, at least one civilian, from outside the jail, called TCDC, and informed the staff that Rawlings was sick and in need of medical assistance.

38.    While at TCDC, on March 15, 2021, Rawlings could not keep himself standing and fell to the ground.

39.    The Defendant, Hack Marcum, had actual knowledge that Rawlings was in serious need of medical attention. Defendant Marcum knew or should have known that Rawlings' condition was life threatening.

40.    The Defendants, Dylan Knifley and Dylan Lile, had actual knowledge that Rawlings was in serious need of medical attention. Defendants Knifley and Lile knew or should have known that Rawlings' condition was life threatening.

41.    The Defendant, Nurse Keith, had actual knowledge that Rawlings was in serious need of medical attention. Nurse Keith knew or should have known that Rawlings' condition was life threatening.

42.    On March 15, 2021, Defendant, Dylan Knifley, had actual knowledge that Rawlings had fallen down.

9

43.    On March 15, 2021, Defendant, Dylan Lile, had actual knowledge that Rawlings had fallen down.

44.    On March 15, 2021, Defendant, Nurse Keith, had actual knowledge that Rawlings had fallen down.

45.    On March 15, 2021, Defendants, Dylan Knifley, Dylan Lile and Nurse Keith, had actual knowledge that Rawlings had a broken C2 vertebrae and was in a neck brace.

46.    On or by March 15, 2021, Defendant, Dyan Knifley, had actual knowledge that Rawlings was refusing food.

47.    On or by March 15, 2021, Defendant, Dylan Lile, had actual knowledge that Rawlings was refusing food.

48.    On or by March 15, 2021, Defendant, Nurse Keith, had actual knowledge that Rawlings was refusing food.

49.    On or by March 15, 2021, Defendant, Dylan Knifley, had actual knowledge that Rawlings complained of being sick.

50.    On or by March 15, 2021, Defendant, Dylan Lile, had actual knowledge that Rawlings complained of being sick.

51.    On or by March 15, 2021, Defendant, Nurse Keith, had actual knowledge that Rawlings complained of being sick.

52.    On or by March 15, 2021, Defendants Dylan Knifley, Dylan Lile and Nurse Keith, had actual knowledge that Rawlings complained of pain in his abdomen.

53.    By March 15, 2021, Rawlings was in serious need of medical attention and the serious nature of his condition was readily apparent.

54.     Between March 13, 2021, and March 16, 2021, Rawlings speech pattern, gait, and general appearance deteriorated.

55.     An individual working at TCDC was contacted by Frances Henry (hereinafter "Henry") while Rawlings was at TCDC prior to his death.  During that conversation, Henry expressed her concerns that Rawlings was extremely sick and stated that Rawlings needed an ambulance.   A representative of TCDC assured Henry that everything was "OK." Defendants, Hack Marcum, Dylan Knifley, Dylan Lile, Nurse Keith and TCDC, had actual knowledge of these communications, and still did not seek appropriate medical attention for Rawlings.

56.     None of the Defendants made any efforts to have Rawlings transported to the hospital in order for Rawlings to receive medical treatment on March 15, 2021.

57.     Defendants allowed Rawlings to suffer and deteriorate at TCDC to the point that Rawlings' death was inevitable. By the time Defendants finally made efforts to transport Rawlings to the hospital it was too late to save his life. Rawlings passed away on March 16, 2021 at Taylor Regional Hospital.

58.     Rawlings died from a perforating gastric ulcer.

59.     The death of Rawlings was preventable, and Defendants exercised little to no care to prevent Rawlings' death, in violation of Rawlings' Constitutional rights and their respective duties of care.

60.     TCDC was responsible for performing direct in-person surveillance of each prisoner.   TCDC employees were not conducting the direct in-person surveillance as required by Kentucky Administrative Regulations.

61.    The Defendants, the County, TCDC and Hack Marcum, had actual knowledge that TCDC employees were not performing direct in-person surveillance, as required by Kentucky Administrative Regulations 501 KAR 3:060, and refused to hold TCDC employees accountable.

62.    The conduct of the Defendants was unreasonable, unlawful and unjustified.

63.    The Defendants, the County, TCDC, Hack Marcum, Dylan Knifley and Dylan Lile, had a legal duty to institute policies or customs, and to take reasonable measures to secure the safety, health and welfare of inmates. Said Defendants had a legal duty to adequately train and supervise jail personnel in the administration of health care and policies.

64.    The Defendants, the County, TCDC, SHP and Hack Marcum, had a legal duty to implement adequate policies to prevent death from serious medical conditions and to appropriately train and supervise jail personnel with regard to the implementation of those policies and practices pertaining to serious medical conditions.

65.    The Defendants, the County and TCDC, failed to institute any (or adequate) policies, customs or practices, or to employ qualified persons, or to properly train the jailer, and corrections officers, to prevent or alleviate the conditions such as those set forth herein. Their actions and inactions have exhibited a deliberate indifference to the Constitutional rights of the citizens of Taylor County and to Rawlings, generally.

66.    At all times relevant hereto, the Defendants acted under the color of state law in depriving Rawlings of Kentucky constitutional rights and his federal rights enumerated herein (or others) with deliberate indifference and acted intentionally, knowingly,

maliciously, and/or recklessly in violation of Rawlings' well established Kentucky constitutional rights to medical treatment and to be free from cruel and unusual punishment.

67.     Rawlings' death was caused by, and was the direct, proximate and foreseeable result of, the Defendants' actions and inactions as alleged herein, individually or in concert.

68.     Rawlings will never recover from the injuries he sustained as a result of the illegal conduct herein.  He has lost his life, his right to enjoyment of life, and his ability to earn a living.

69.     The Plaintiffs, J.R and J.M, will never again be able to enjoy the love and affection of their father, Rawlings.

70.     The Defendants actions, individually or in concert, were so willful, wanton, malicious and in utter disregard for Plaintiff's (Rawlings) rights as to warrant the imposition of punitive damages.

71.     No reasonable jailor or other law enforcement officer would or could have engaged in the kind of conduct, in relation to Rawlings, as alleged herein, nor could any reasonable jailor or law enforcement officer or official believe that their actions were lawful in the light of the clearly established law and under the circumstances of the facts presented to them.

72.     No reasonable medical professional would or could have engaged in the kind of conduct, in relation to Rawlings, as alleged herein, nor could any reasonable medical professional believe that their actions were lawful in light of clearly established standards of care and under the circumstances of the facts presented to them.

### CAUSES OF ACTION

### COUNT 1:  VIOLATION OF 42 U.S.C. §1983 – INFLICTION OF CRUEL PUNISHMENT

73.    All preceding paragraphs hereinabove are hereby incorporated by reference and made part of Count 1.

74.    The injuries inflicted upon Plaintiff, Rawlings, during the time period described herein were sufficiently serious to qualify as a violation of 42 U.S.C §1983. At all times relevant hereto, the conduct of all Defendants was subject to 42 U.S.C. §1983.

75.    Defendants had a culpable state of mind in denying Rawlings immediate medical treatment for his life threatening medical condition despite knowledge of a substantial risk of serious harm to Rawlings.  The injuries inflicted upon Rawlings during the period of time described herein were sufficiently serious to constitute a violation of the Eighth Amendment of the United States Constitution, among other applicable Amendments.

76.    The conduct of the Defendants together, or individually, was conducted with both subjective and objective malice, reckless disregard and/or deliberate indifference for the Constitutional rights, privileges and immunities of Rawlings, specifically his rights to medical attention.

77.    Defendants, under color of law and with deliberate indifference and gross negligence, worked a denial of the Plaintiff's (Rawlings) rights, privileges, and/or immunities secured by the Kentucky Constitution and the United States Constitution or other law of by depriving said Plaintiff without due process of law of the right to be free from cruel punishment and the right to reasonable medical care and treatment under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and in violation of the Civil Rights Act of 1871, and 42 U.S.C. §1983.

**WHEREFORE**, Plaintiffs demand judgment for Cruel Punishment against all the Defendants, jointly and severally, for actual, general, special, and compensatory damages in

excess of the minimal jurisdictional limit of this Court; and further demand judgment, jointly and severally, for punitive damages in excess of the minimal jurisdictional limit of this Court, plus the costs of this action, including attorneys' fees, and such other relief deemed to be just and equitable.

## COUNT 2: Violation of 42 U.S.C §1983 - CONSCIOUS CULPABLE REFUSAL TO PREVENT HARM

78.     All preceding paragraphs hereinabove are hereby incorporated by reference and made part of Count 2.

79.     The Defendants, the County, TCDC, SHP, and Hack Marcum, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants, Dylan Knifley, Dylan Lile and Nurse Keith, heretofore described. Acting under color of law and pursuant to official policy or custom, TCDC, Hack Marcum, Dylan Lile, Dylan Knifley, SHP, and Desiree Keith did, with conscious culpable refusal to prevent harm: (a) unlawfully and maliciously refuse to provide medical treatment to Rawlings; (b) cruelly and unusually punish Rawlings while he was sick and in desperate need of medical care; and/or (c) otherwise deprive Rawlings of his Constitutional and statutory rights, privileges and immunities.

80.     The conduct of the Defendants together, or individually, was conducted with both subjective and objective malice, reckless disregard and/or deliberate indifference for the Constitutional rights, privileges and immunities of Rawlings, specifically his rights to medical attention. The actions of the Defendants constituted a conscious culpable refusal to prevent harm to Rawlings. Defendants Taylor County, TCDC, Hack Marcum and SHP had knowledge or, had they diligently exercised their duties to train, instruct, supervise, control, discipline or inspect on a continuing basis, or as required by law, should have had knowledge

15

that the wrongs done, as heretofore alleged, were about to be committed. Defendants Taylor County, TCDC, Hack Marcum and SHP had the power to prevent or aid in preventing the commission of said wrongs. The Defendants Taylor County, TCDC, Hack Marcum, and SHP's refusal to prevent said wrongs constituted actual malice, and conscious culpable refusal to prevent harm and all of the Defendants acted with reckless, and conscious disregard for the civil and Constitutional rights of Rawlings. Defendants Taylor County, TCDC and Hack Marcum, together with SHP directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of TCDC employees, and Desiree Keith heretofore described. The conduct of the Defendants together or individually was conducted with both subjective and objective malice, and reckless disregard or deliberate indifference to the Constitutional rights, privileges and immunities of Rawlings, specifically his rights to medical attention.

81.     As a direct and proximate cause of the acts of the Defendants the County, TCDC, SHP, Hack Marcum, Dylan Knifley, Dylan Lile and Nurse Keith, as set forth above, Plaintiff (Rawlings) suffered humiliation, severe physical injury, severe emotional distress and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fourth, Fifth, Eighth and/or Fourteenth Amendments to the United States Constitution (and/or all other applicable Amendments) and protected by 42 U.S.C. §1983.

**WHEREFORE**, Plaintiffs demand judgment for Conscious Culpable Refusal to Prevent Harm suffered against the Defendants for actual, general, special, and compensatory damages in excess of the minimal jurisdictional limit of this Court; and further demands judgment for punitive damages in excess of the minimal jurisdictional limit of this Court, plus

16

the costs of this action, including attorneys' fees, and such other relief deemed to be just and equitable.

## COUNT 3: NEGLIGENCE

82.   All preceding paragraphs hereinabove are incorporated herein by reference and made part of Count 3.

83.   The Defendants, Hack Marcum, Dylan Knifley, Dylan Lile, and Nurse Keith, breached their duty of care to Rawlings.

84.   The Defendants breached their duty of care by failing to follow standard corrections and/or medical procedures.

85.   The Defendants breached their duty of care by failing to act as reasonable corrections officers or employees or medical providers under the same or similar circumstances, specifically with respect to providing medical treatment for Rawlings.

86.   The Defendants, the County, TCDC, Hack Marcum and SHP, owed a duty of care to hire, train, and supervise the Defendants, Dylan Knifley, Dylan Lile and Nurse Keith, to follow TCDC's medical emergency care plan.

87.   The Defendant, SHP, owed a duty of care to hire, train, and supervise the Defendant, Nurse Keith, to follow standard medical procedures, and prevent Rawlings' death from a perforating gastric ulcer.

88.   Defendants, the County, TCDC, Hack Marcum and SHP, breached their respective duty of care by:

      (a)    failing to use care in hiring Defendants, Dylan Knifley, Dylan Lile, and Nurse Keith, and/or

(b)    failing to properly train Defendants, Dylan Knifley, Dylan Lile, and Nurse Keith, and/or

(c)    failing to supervise Defendants, Dylan Knifley, Dylan Lile and Nurse Keith, to ensure their conduct met the standard of ordinary corrections officers and medical providers.

89.    This breach of duty by the aforesaid Defendants was the actual and proximate cause of the injuries sustained by Rawlings and ultimately, Rawlings'-death.

90.    The Defendants, the County, TCDC, Hack Marcum and SHP, are liable under the doctrine of *respondeat superior* for the actions of their employees or agents.

**WHEREFORE**, Plaintiffs demand judgment against all Defendants for actual, special, punitive and compensatory damages, in an amount greater than the jurisdictional minimum of this honorable Court, deemed at time of trial to be just, fair, and appropriate.

## COUNT 4: NEGLIGENCE PER SE

91.    All preceding paragraphs hereinabove are incorporated herein by reference and made part of Count 4.

92.    The Defendants, the County, TCDC, Hack Marcum, Dylan Knifley and Dylan Lile, owed a statutory duty of care to Rawlings under by Kentucky Administrative Regulation 501 KAR 3;090 to see that Rawlings received reasonable medical treatment for his life threatening medical condition while in their custody.

93.    The Defendants, the County, TCDC, Hack Marcum, Dylan Knifley and Dylan Lile, breached the aforementioned duty of care by neglecting to see that Rawlings received reasonable medical treatment.

94.     This breach of statutory duty by the Defendants was the actual and proximate cause of the injuries sustained by Rawlings and ultimately, Rawlings' death.

95.     The Defendants, the County, TCDC, Hack Marcum, Dylan Knifley and Dylan Lile, owed a statutory duty of care to Rawlings as identified by the Kentucky Administrative Regulation(s) 501 KAR 3:060 to conduct in-person surveillance of Rawlings while in their custody.

96.     The Defendants, the County, TCDC, Hack Marcum, Dylan Knifley and Dylan Lile, breached the aforementioned duty of care by refusing to conduct in-person surveillance of Rawlings as required by law, which is actionable as negligence per se.

97.     This breach of statutory duty by the Defendants was the actual and proximate cause of the injuries sustained by Rawlings and ultimately, Rawlings's death.

98.     The Plaintiffs suffered damages as a result of the injury inflicted by the Defendants, the County, TCDC, Hack Marcum, Dylan Knifley and Dylan Lile.

99.     The Defendants, the County, TCDC, and Hack Marcum, are liable under the doctrine of *respondeat superior* for the actions of their employees or agents.

**WHEREFORE**, Plaintiffs demand judgment against the aforesaid Defendants for actual, special, punitive and compensatory damages, in an amount greater than the jurisdictional minimum of this honorable Court, deemed at time of trial to be just, fair, and appropriate.

### COUNT 5: MEDICAL NEGLIGENCE

100.    All preceding paragraphs hereinabove are incorporated herein by reference and made part of Count 5.

101.    In rendering medical treatment and services to Rawlings, or failing to do so as outlined and detailed above, the Defendant, Nurse Keith, failed to exercise the degree of care and skill of, and/or as would be expected of, an ordinarily prudent or reasonably competent nurse and/or healthcare provider of their training and station under like or similar circumstances, which caused and/or was a substantial factor in causing Rawlings' harms, injuries and ultimately his death as hereinabove alleged.

102.    As a direct and proximate result of the negligence of the Defendant, Nurse Keith, described above, Rawlings sustained permanent injuries, both physical and mental in kind and passed away.

103.    As a direct and proximate result of the negligence of the Defendant, Nurse Keith, described above, the Plaintiffs have sustained those damages identified above.

104.    The Defendant, SHP, is liable under the doctrine of *respondeat superior* for the negligent conduct of its employee and/or agent, Nurse Keith.

**WHEREFORE**, as a direct and proximate result of such oppression, fraud, malice, or gross negligence, Rawlings suffered death describe herein.  Plaintiffs assert a claim for judgement against the Defendants for all compensatory and punitive damages including, but not limited to, medical expenses, extreme pain and suffering, mental anguish, degradation, and unnecessary loss of personal dignity, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court, plus costs and all other relief to which Plaintiffs are entitled by law.

### COUNT 6:  WRONGFUL DEATH

105.    All preceding paragraphs hereinabove are incorporated herein by reference and made part of Count 6.

106.    The death of Rawlings resulted from the negligence or wrongful acts of the Defendants.   Pursuant to KRS 411.130, damages may be recovered for the death from Defendants.

107.    The wrongful acts of the Defendants in this case were willful and were grossly negligent, and pursuant to KRS 411.130, punitive damages should be awarded.

108.    The Defendants, the County, TCDC, and Hack Marcum, are liable under the doctrine of *respondeat superior* for the actions of employees/agents, including, but not limited to, the Defendants, Dylan Knifley and Dylan Lile.

109.    The Defendant, SHP, is liable under the doctrine of *respondeat superior* for the actions of employee/agent including, but not limited to, the Defendant, Nurse Keith.

**WHEREFORE**, Plaintiffs demand judgment against all Defendants for actual, special, punitive and compensatory damages, in an amount greater than the jurisdictional minimum of this honorable Court, deemed at time of trial to be just, fair, and appropriate.

## COUNT 7:  LOSS OF PARENTAL CONSORTIUM

110.    All preceding paragraphs hereinabove are incorporated herein by reference and made part of Count 7.

111.    The Plaintiffs, J.R and J.M, suffered damages including loss of love, affection, guidance, care, comfort and protection as a result of the death of their father, Rawlings.

112.    The Plaintiffs, J.R and J.M, are entitled to recover damages for loss of parental consortium pursuant to KRS 411.135, made applicable to them through Kentucky caselaw, and by common law. *Guilani v. Guiler, Ky.*, 951 S.W.2d.318 (1997).

113.    The wrongful acts of the Defendants in this case were willful and were grossly negligent, and pursuant to KRS 411.130, punitive damages should be awarded.

114.   The Defendants, the County, TCDC, and Hack Marcum, are liable under the doctrine of *respondeat superior* for the actions of agents/employees Dylan Knifley and Dylan Lile.

115.   Defendant, SHP, is liable under the doctrine of *respondeat superior* for the actions of agent/employee, Nurse Keith.

**WHEREFORE**, Plaintiffs demand judgment against all Defendants for actual, special, punitive and compensatory damages, in an amount greater than the jurisdictional minimum of this honorable Court, deemed at time of trial to be just, fair, and appropriate.

### Count 8: Violation of 42 U.S.C. § 1983 – Failure to Supervise or Train Officers

116.   All preceding paragraphs hereinabove are incorporated herein by reference and made part of Count 8.

117.   Pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978) and its progeny including but not limited to *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989) Plaintiff makes the following additional allegations.

118.   At all times relevant to this Complaint, Defendants Hack Marcum, Dylan Knifley and Dylan Lile, were acting under the direction and control of Taylor County and under color of law.

119.   At all times relevant hereto Hack Marcum was the Jailer and was the chief policy maker for TCDC.

120.   Acting under color of law and in violation of TCDC rules and policies and/or pursuant to official or unofficial policy or custom, Hack Marcum and/or Taylor County, through its policy maker(s) knowingly, recklessly, or with gross negligence failed to instruct,

supervise, control, deploy, investigate and/or discipline Defendants Dylan Knifley and Dylan Lile in their duties regarding medical treatment and/or deprived Decedent of his Constitutional and statutory rights, privileges, and immunities. The conduct and failures of Taylor County as alleged above was a moving force behind the constitutional violations asserted in this Complaint. Specifically, Plaintiff alleges that Taylor County had actual knowledge of previous instances of Inmates being deprived of their Eighth Amendment Constitutional Rights and that Taylor County was deliberately indifferent in their refusal/failure to train and supervise officers in order to prevent those violations in the future.

121.    As a direct and proximate cause of the these failures on the part of Taylor County, Decedent suffered severe physical injury, severe emotional distress and severe mental anguish and lost his life, all contrary to his constitutional and statutory rights guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments and such other applicable Amendments to the United States Constitution and/or as protected otherwise protected by 42 U.S.C. § 1983 and the Constitution of the United States.

## COUNT 9. DAMAGES

122.    All preceding paragraphs hereinabove are incorporated herein by reference and made part of Count 9.

123.    The Plaintiffs' physical, mental and emotional anguish and pain and suffering were unnecessary and preventable.

124.    The Plaintiffs are entitled to recover for the wanton and unnecessary pain and suffering they endured and for the wrongful death of Rawlings.

23

125.    The Plaintiffs are entitled to recover an amount reasonably calculated to be future lost wages and lost earning potential of Rawlings.

126.    The Plaintiffs are entitled to recover funeral expenses.

127.    The Defendants' violations of Plaintiff (Rawlings) constitutional and common law rights were cruel, malicious, and evinced a total and reckless disregard for Rawlings' rights, entitling them to recover punitive damages and attorneys' fees from Defendants in order to deter such conduct in the future.

**PRAYER FOR RELIEF**

**WHEREFORE,** the Plaintiffs respectfully demand as follows:

128.    Judgment against the Defendants in a sum reasonably calculated to compensate the Plaintiffs for their injuries and damages, including, but not limited to, the future lost wages and earning potential of Rawlings, funeral expenses, recovery for physical, mental and emotional distress, loss of love and affection, and reimbursement for legal fees in prosecuting this case as a result of the Defendants' actions, pre- and post- judgment interest, costs, attorneys' fees;

129.    Recovery and reimbursement of their reasonable attorney fees in prosecuting this case pursuant to 42 U.S.C. §1988;

130.    Judgement awarding punitive damages as allowed by law;

131.    Pre-judgment and post-judgment interest;

132.    For their costs herein incurred;

133.    Trial by jury;

134.    For any and all other relief the Court may deem appropriate.

Respectfully Submitted,

*/s/ John A. Elder, IV*
JOHN A. ELDER, IV
**JOHN A. ELDER, IV, ESQ., PLLC**
Attorney at Law
104 West Main Street – P.O. Box 678
Lebanon, Kentucky 40033
(270)-321-4429

and

/s/GREGORY D. SIMMS
GREGORY D. SIMMS
Murphy and Associates, PLC
513 South Second Street
Louisville, Kentucky 40202
Telephone: (502) 618-4949