UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:22-CV-00001-GNS

LORI RAWLINGS, et al.                                                                                    PLAINTIFFS

v.

HACK MARCUM, et al.                                                                                   DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter before the Court on Defendants' Partial Motion to Dismiss (DN 20). The motion is ripe for adjudication. For the reasons stated below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

**I.      STATEMENT OF FACTS AND CLAIMS**

Plaintiffs Lori Rawlings, Adriene Gaddie as next friend for J.R., a minor child, and Misty Madson, as next friend for J.M., a minor child, (collectively "Plaintiffs") filed this action arising from the death of Kevin Rawlings ("Rawlings"), an inmate at the Taylor County Detention Center ("TCDC"). (First Am. Compl. ¶¶ 1-4, 21-22, DN 17). During the eight days while incarcerated at TCDC, Rawlings allegedly suffered a perforating gastric ulcer which eventually led to his death. (First Am. Compl. ¶¶ 30, 58). Plaintiffs allege that Rawlings was denied sufficient medical treatment at TCDC despite obvious signs that treatment was needed and that TCDC personnel failed timely to request his hospitalization. (First Am. Compl. ¶¶ 39-41, 55-58).

Plaintiffs filed this action asserting claims under federal and state law against Jailer Hack Marcum, and TCDC employees Dylan Knifley and Dylan Lile (collectively "Individual

1

Defendants") in their individual and official capacities. (First Am. Compl. ¶¶ 5-6, 11, 73-77, 82-99, 105-15). Plaintiffs have also asserted claims against TCDC, Taylor County, Southern Health Partners Inc. ("SHP"), and an SHP employee in her individual and official capacities. (First Am. Compl. ¶¶ 7-8, 15-17, 73-121).

Individual Defendants, TCDC, and Taylor County (collectively "Moving Defendants") have moved to partially dismiss the claims asserted in the First Amended Complaint. (Defs.' Partial Mot. Dismiss, DN 20). In particular, they seek dismissal of the 42 U.S.C. § 1983 claim for infliction of cruel punishment, the duplicative official capacity claims and all other claims against TCDC, and the *Monell* claim against Taylor County. (Defs.' Mem. Supp. Mot. Dismiss 3-7, DN 20-1.

## II.     JURISDICTION

The Court has jurisdiction over the parties pursuant to 28 U.S.C § 1331 as this case involves a federal question.

## III.    STANDARD OF REVIEW

In order to survive dismissal for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Id*. (internal quotation marks

omitted) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (citation omitted).

## IV. DISCUSSION

In their motion, Moving Defendants contend that the First Amended Complaint: (i) fails to state a claim in Count 1 for infliction of cruel punishment under 42 U.S.C. § 1983; (ii) asserts redundant claims against both the officials and the TCDC; and (iii) does not identify a custom or policy to give rise to *Monell* liability against Taylor County. (Defs.' Mem. Supp. Partial Mot. Dismiss 2-7, DN 20-1).

### A. Cruel Punishment

In seeking dismissal of Count 1 of the First Amended Complaint, the moving Defendants recite the Fed. R. Civ. P. 8 standard for pleadings and argue that Plaintiffs have failed to meet that standard without pointing out any specific deficiencies. (Defs.' Mem. Supp. Partial Mot. Dismiss 3). In the absence of any attempt by Moving Defendants to outline specific deficiencies, their motion will be denied as to Count 1.[1] *See Jericho Baptist Church Ministries, Inc. (Dist. of Columbia) v. Jericho Baptist Church Ministries, Inc. (Md.)*, 223 F. Supp. 3d 1, 8 (D.D.C. 2016) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work." (citation omitted)).

---

[1] Alternatively, Moving Defendants request dismissal of Count 1 on the merits even if the First Amended Complaint states such a claim. (Defs.' Mem. Supp. Mot. Summ. J. 3). "[T]he purpose of a motion under [] Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case." *Bihn v. Fifth Third Mortg. Co.*, 980 F. Supp. 2d 892, 897 (S.D Ohio 2013) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (3d ed. 2004)).

### B. Duplicative Claims

Moving Defendants also seek dismissal of the official capacity claims against the Individual Defendants and the TCDC as duplicative of the claims asserted against Taylor County. (Defs.' Mem. Supp. Partial Mot. Dismiss 3-4). In opposing the motion, Plaintiffs erroneously assert that Individual Defendants are seeking dismissal of the individual capacity claims, but concede that Taylor County is the real party in interest with respect to the official capacity claims and any claims asserted against TCDC. (Pls.' Resp. Defs.' Partial Mot. Dismiss 4-6).

"[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent . . . ." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 n.55 (1978); *see also Commonwealth v. Harris*, 59 S.W.3d 896, 899 (Ky. 2001) (recognizing that official capacity claims against a jailer are actually claims against the county). In this instance, the official capacity claims against Individual Defendants and TCDC are really against Taylor County, which is also a party to this action. Thus, the official capacity claims against the Individual Defendants and TCDC are duplicative, and the motion will be granted on this basis. *See Owens v. Trulock*, No. 1:18-CV-00167-GNS-HBB, 2020 WL 376658, at *2 (W.D. Ky. Jan. 23, 2020) (citations omitted); *Thorpe ex rel. D.T. v. Breathitt Cnty. Bd. of Educ.*, 932 F. Supp. 2d 799, 802 (E.D. Ky. 2013) (citing *Doe v. Claiborne Cnty. By & Through Claiborne Cnty. Bd. of Educ.*, 103 F.3d 495, 509 (6th Cir. 1996)).

### C. *Monell* Liability

Finally, Moving Defendants seek dismissal of any Section 1983 claim based upon *Monell* against Taylor County. (Defs.' Mem. Supp. Mot. Dismiss 5-7). For a municipality to be liable for the actions of its employees under *Monell*, a causal link must connect the alleged

4

constitutional deprivation to a policy or custom of the municipality. *See Deaton v. Montgomery Cnty.*, 989 F.2d 885, 889 (6th Cir. 1993). "*Monell* is a case about responsibility." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986). "The official policy requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Id*. at 479-80 (internal quotation marks omitted).

To establish municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). A plaintiff may show the existence of an illegal policy or custom by showing "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citation omitted). To establish liability under this standard, the custom asserted must "be so permanent and well settled as to constitute a custom or usage with the force of law." *Monell*, 436 U.S. at 691. "In turn, the notion of law must include [d]eeply embedded traditional ways of carrying out state policy [and] must reflect a course of action deliberately chosen from among various alternatives." *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507-08 (6th Cir. 1996) (first alteration in original) (internal quotation marks omitted) (internal citation omitted) (citation omitted).

Moving Defendants fail to identify specific deficiencies with respect to the *Monell* claim in the First Amended Complaint. Instead, they raise specific defects only in their reply, which is

improper. *See United States v. Abboud*, 438 F.3d 554, 589 (6th Cir. 2006) ("An argument first presented to the Court in a reply brief is waived." (citations omitted)); *see also Jericho Baptist Church Ministries, Inc.*, 223 F. Supp. 3d at 8. Accordingly, the motion to dismiss will be denied as to any *Monell* claim.

## V.     CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Partial Motion to Dismiss (DN 20) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs' official capacity claims against Defendants Hack Marcum, Dylan Knifley, and Dylan Lile, and the claims against Defendant Taylor County Detention Center are **DISMISSED**.

Greg N. Stivers, Chief Judge
United States District Court

October 27, 2022

cc:     counsel of record